IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRANSAM TRUCKING, INC.,

  Plaintiff,

v.              Case No. 14-2015-CM

FEDERAL MOTOR CARRIER SAFETY
ADMINISTRATION,

  Defendant.

## MEMORANDUM AND ORDER

After its motion for administrative review was denied for lack of jurisdiction in the Tenth Circuit, plaintiff TransAm Trucking, Inc. ("TransAm") pursued its claim in this court against defendant, Federal Motor Carrier Safety Administration ("FMCSA") for breach of settlement agreement. Plaintiff alleged defendant failed to provide an amended compliance review report omitting any reference to a prior safety violation and a proposed reduction in plaintiff's safety rating. Plaintiff brings a breach of contract claim against defendant under the Little Tucker Act (28 U.S.C. §1346(a)(2)), a due process claim, and a claim under the Administrative Procedure Act ("APA")—all related to the alleged breach of settlement agreement. The matter is now before the court on defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues the court does not have jurisdiction over the Little Tucker Act or APA claims because they are barred by sovereign immunity. Defendant further argues the court should dismiss the due process claim under Rule 12(b)(6) (Doc. 17). For the following reasons, the court grants defendant's motion on Counts I and IB but denies the motion as to Count IA.

**I.**  **Standard**

Defendant's Motion to Dismiss is based on Rule 12(b)(1) and 12(b)(6). Defendant first argues Counts I and IB should be dismissed under Rule 12(b)(1), or for lack of subject-matter jurisdiction, because the claims are barred by sovereign immunity. The defense of sovereign immunity shields "the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). The defense is "jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Pueblo of Jemez v. United States*, 790 F.3d 1134, 1151 (10th Cir. 2015). The United States may not be sued without its consent, and "the party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has plausibility when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**II.   Discussion**

In its amended complaint, plaintiff seeks relief for the alleged breach of settlement agreement based on three different theories. First, plaintiff claims defendant breached the settlement agreement and is liable for damages under the Little Tucker Act, which permits contractual claims against the

government.  Second, plaintiff argues it was entitled to the amended compliance review as agreed upon in the settlement agreement, and by refusing to issue the report, defendant deprived plaintiff of a substantive right without due process of law under the Fifth Amendment to the United States Constitution.  Finally, plaintiff requests the court review the final agency action—the alleged failure to issue the amended compliance report—under the APA.

### a.  Little Tucker Act Claim

Defendant argues Count I of plaintiff's complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the claim is barred by sovereign immunity.

Plaintiff brings its breach of contract claim under 28 U.S.C. §1346(a)(2), also known as the Little Tucker Act, which allows a party to bring a breach of contract action against the United States if the damage does not exceed $10,000.  Under 28 U.S.C §1295(a)(2), Little Tucker Act cases may only be appealed to the Federal Circuit.  The Federal Circuit, however, has held, ". . . in some matters of procedural or substantive law this circuit has concluded that we will follow the law as interpreted by the circuit in which the district court is located . . ."  *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987).  This court, therefore, may also look to Tenth Circuit precedent to resolve the issue of whether plaintiff's claim under the Little Tucker Act is barred by sovereign immunity.

Although the Little Tucker Act authorizes suit against the government in certain contract actions, the government has not waived sovereign immunity with regard to all contracts that it makes with private entities.  See *Robbins v. U.S. Bureau of Land Mgmt*, 438 F.3d 1074, 1084 (10th Cir. 2006) (citing *Awad v. United States*, 61 Fed. Cl. 281, 284 (Ct. Cl. 2004).  Immunity is not waived under the Little Tucker Act when the government enters a contract in its sovereign capacity, rather than in a proprietary context.  *Id.*; *see also, Kania v. United States*, 227 Ct. Cl. 458, 464 (Ct. Cl. 1981) ("The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be

sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals, or corporations also engage in among themselves."). In the case of a sovereign contract, a private party may only recover under the Little Tucker Act if "(1) the persons who made the contract on behalf of the government . . . had authority to bind the government to pay monetary damages; and (2) the contract's language provides for the payment of monetary damages in case of a breach by the government." *Robbins*, 438 F.3d at 1084. The court, therefore, generally does not have jurisdiction over contracts the government makes in its sovereign capacity.

The inquiry here is whether the settlement agreement in the present case was a proprietary contract or one made in the government's sovereign capacity. Plaintiff argues the contract was proprietary because the government entered into an agreement to settle a lawsuit, an act typically engaged in by private parties. Because the government was acting in its private capacity, plaintiff claims sovereign immunity does not bar suit on the breach of the settlement agreement.

Plaintiff focuses too heavily on the characterization of the contractual transaction rather than the purpose of the contract. Defendant is an agency within the Department of Transportation tasked with "the furtherance of the highest degree of safety in motor carrier transportation." 49 U.S.C. §113. As part of its duties, defendant is authorized to "determine the safety fitness of motor carriers, to assign safety ratings, to direct motor carriers to take remedial action when required, and to prohibit motor carriers receiving a safety rating of 'unsatisfactory' from operating a CMV." 49 C.F.R. § 385.1. In the settlement agreement at issue, defendant agreed to provide an amended compliance report in exchange for plaintiff dismissing its pending case in the Tenth Circuit. The purpose of the settlement agreement involved defendant taking action within its specifically authorized duties. Thus, the settlement agreement was sovereign in nature, not proprietary. *See Robbins*, 438 F.3d at 1084 (noting when the

government enters into an administrative settlement agreement it does so in its sovereign, rather than proprietary, capacity.)  Because the Little Tucker Act's waiver of sovereign immunity does not extend to contracts made in the government's sovereign capacity, plaintiff's breach of conflict claim is barred and the court grants defendant's motion to dismiss for lack of jurisdiction on Count I.

### b.  Due Process Claim

In its amended complaint, plaintiff claimed that the settlement agreement created a property right in the amended compliance review report and defendant's alleged failure to issue that amended report violated plaintiff's due process rights.  Plaintiff asks the court to order defendant to issue an amended compliance review report with a "Satisfactory" safety rating.  Defendant argues plaintiff's due process claim should be dismissed under Rule 12(b)(6) for failure to state a claim because the settlement agreement did not create an entitlement to a property interest.

Under the APA, the court has the authority to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity."  5 U.S.C. §706(2)(B).  The Tenth Circuit has held that the APA waives sovereign immunity for due process claims stemming from a breach of contract by the government if there is a "legitimate constitutionally protected property interest" created in the contract.  *See Robbins*, 438 F.3d at 1084–85. Plaintiff therefore may jurisdictionally bring a due process claim against defendant based on the alleged settlement agreement breach.  The threshold question then becomes whether plaintiff was deprived of a constitutionally protected property interest.

As a general rule, "a person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing."  *Perry v. Sindermann*, 408 U.S. 593, 601 (1972).  To have a protected interest in a benefit, a person must have "more than a unilateral

expectation," rather they must have a "legitimate claim of entitlement to it." *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 756 (2005). And while a valid contract can constitute a property interest for due process purposes, it is necessary to "examine the merits in order to determine whether a particular contract does so in a particular case." *Robbins*, 438 F.3d at 1084–1085.

Here, plaintiff claims it has a protected property interest in "an amended Compliance Review that does not include a reference to the violation or proposed conditional safety rating." (Doc. 6 at ¶ 28.) The court finds that through the settlement agreement, plaintiff does have a protected property interest in such a report. And while the court is not entirely convinced that defendant did not comply with the settlement agreement, at this stage, the court is not prepared to make such a finding. Defendant's Motion to Dismiss for failure to state a claim on Count IA is therefore denied.

### c. Review Under the APA

Defendant argues the court lacks jurisdiction to review its final agency action because sovereign immunity is not waived under the APA for contract claims seeking specific performance.

The APA provides a right of judicial review for a "person suffering a legal wrong because of agency action . . . ." 5 U.S.C. § 702. Under the APA, sovereign immunity is waived in most suits for nonmonetary relief against the United States. *See* 5 U.S.C. § 702; *Robbins*, 438 F.3d at 1080. This waiver, however, does not apply where "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The APA, therefore, must be read in conjunction with other statutes that waive sovereign immunity to determine whether those statutes "forbid the relief sought in the case at hand." *Robbins*, 438 F.3d at 1080.

Here, plaintiff seeks review of defendant's alleged failure to comply with the settlement agreement. Claims for breach of contract against the United States are governed, as mentioned above, by the Little Tucker Act. The Supreme Court has held the Little Tucker Act does not authorize relief

for nonmonetary damages.  *See Robbins*, 438 F.3d at 1081 (quoting *United States v. Jones*, 131 U.S. 1 (1889)). The Tenth Circuit has therefore held that because the Little Tucker Act "impliedly forbid[s]" a federal court from ordering specific performance on a contract claim against the government, the APA does not waive sovereign immunity for such claims.  *See Robbins*, 438 F.3d at 1082.  Plaintiff' asks the court to compel defendant to issue a "true amended Compliance Report" and to set aside defendant's action in refusing to issue the report.  Plaintiff is therefore requesting the court order specific performance in regards to the breach of settlement agreement.  Because the Tenth Circuit has held the APA does not waive sovereign immunity for specific performance claims under the Little Tucker Act, the court finds plaintiff's claim is barred by sovereign immunity and grants defendant's motion to dismiss for lack of jurisdiction on Count IB.

**IT IS THEREFORE ORDERED** that defendant Federal Motor Carrier Safety Administration's Motion to Dismiss (Doc. 17) is granted in part and denied in part.  Counts I and IB are dismissed for lack of jurisdiction under Rule 12(b)(1).  The Motion to Dismiss Count IA for failure to state a claim under Rule 12(b)(6) is denied.

Dated July 19, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**